1   BONNIE E. ESKENAZI (SBN 119401)
    BEskenazi@GreenbergGlusker.com
2   KENNETH D. BASIN (SBN 259454)
    KBasin@GreenbergGlusker.com
3   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
4   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California 90067-4590
5   Telephone: 310.553.3610
    Fax: 310.553.0687
6
7   Attorneys for Plaintiff ATLANTIQUE
    PRODUCTIONS, S.A.

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  ATLANTIQUE PRODUCTIONS, S.A., a      Case No.  CV12- 08632 DMG(PLA)
    corporation,
13                                        COMPLAINT FOR:
                    Plaintiff,
14                                        (1) BREACH OF CONTRACT;
          v.
15                                        (2) PROMISSORY ESTOPPEL; and
    ION MEDIA NETWORKS, INC., a
16  Florida corporation; and DOES 1–10,  (3) UNJUST ENRICHMENT
    inclusive
17                                        REQUEST FOR JURY TRIAL
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

51201-00004/1861268.4
                              COMPLAINT

**INTRODUCTION**

1.      In or about April 2012, Plaintiff Atlantique Productions, S.A. ("Plaintiff") and Defendant ION Media Networks, Inc.'s ("Defendant") entered into negotiations for Defendant to acquire the United States television distribution rights to Plaintiff's television series tentatively titled "Le Grand" (the "Series").  The Series, an English-language police procedural set in Paris, France, is helmed by Emmy-winning showrunner René Balcer and stars legendary French actor Jean Reno as a tough elite cop who stops at nothing to solve mysterious murder cases.  This case arises out of Defendant's refusal to live up to its contractual obligations, right in the middle of production of the Series — leaving Plaintiff scrambling to find funding so that it can complete production of the Series on schedule and meet its contractual delivery obligations to other licensees in connection with the Series.

2.      On or about July 20, 2012, Defendant and Plaintiff acknowledged in writing that, after months of negotiations, they had at last reached a "final" and "closed" deal for Defendant's acquisition of rights to the Series (the "Agreement").  Plaintiff promptly sent Defendant a partially executed copy of the Agreement, and for several weeks, both parties performed fully under the Agreement, with Plaintiff producing the Series and Defendant actively exercising its creative consultation and approval rights (as set forth in the Agreement) in connection therewith — even sending a representative to the set of the Series to observe production personally and provide creative comments.

3.      Yet, once Plaintiff submitted to Defendant several invoices for installments of the license fee which, by the terms of the Agreement, had already come due, Defendant apparently got cold feet.  For weeks, Defendant ignored and refused to pay the amounts due pursuant to these invoices, initially without explanation, and later, citing only certain creative concerns.  When Plaintiff finally pressed firmly for payment of the outstanding invoices, Defendant began disengaging from the Series creatively and, <u>more than two months after entering into the Agreement</u>, took the position for the first time that there was no agreement between the parties with respect to the Series.  Defendant's repudiation of the Agreement has left Plaintiff no choice but to look to this Court to hold Defendant to its contractual obligations.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

51201-00004/1861268.4

2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## PARTIES

4.      Plaintiff Atlantique Productions, S.A. is a French corporation with its principal place of business in Boulogne-Billancourt, France.  Plaintiff is a prominent producer of television programming, which is widely distributed throughout the world.

5.      Upon information and belief, Defendant ION Media Networks, Inc. is a Florida corporation with its principal place of business in West Palm Beach, Florida.  Defendant operates a national television network called ION Television, and operates numerous local television affiliates.  Defendant is registered with the California Secretary of State to do business in the state of California, and, upon information and belief, operates local television affiliates in Los Angeles, Sacramento, and San Jose, California.  Defendant's ION Television network is also carried by television stations around the country and state, including, without limitation, through Defendant's local stations in California.

6.      The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff at the present time, and Plaintiff therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of the Doe defendants when they have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that Does 1 through 10, inclusive, were responsible in some manner for the acts and transactions hereinafter alleged and are liable to Plaintiff therefor.

7.      Plaintiff is informed and believes, and based thereon alleges, that in doing the acts alleged herein, each of the defendants was the agent, principal, employee, co-conspirator and/or alter ego of one or more of the other defendants, and acted with one or more of the other defendants' knowledge, consent and approval and/or within the course and scope of such agency, employment or conspiracy and/or as one or more of the other defendants' alter ego.  As such, each of the defendants is responsible for the liabilities of the other defendants, as alleged herein.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## VENUE AND JURISDICTION

8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because the Agreement was negotiated, in part, in Los Angeles County and a substantial part of the acts and circumstances giving rise to this complaint occurred in Los Angeles County.

9.      Jurisdiction is proper under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, Plaintiff is a foreign corporation, and Defendant is a U.S. corporation.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10.     In or about April 2012, after a high-profile public announcement of the Series at the 2012 MIPTV Media Market in Cannes, France, Plaintiff and Defendant entered into negotiations for Defendant's acquisition of the United States distribution rights to the Series.  The Series represents Defendants' first foray into the licensing of first-run original television series for Defendant's ION Television cable network.

11.     Over the next several months, Defendant's Executive Vice President of Content Acquisition & Digital Networks, Mark Zand, and Plaintiff's General Manager, Olivier Bibas, together with Plaintiff's agents at United Talent Agency ("UTA") in Los Angeles, CA (who principally represented Plaintiff during the negotiations and conducted those negotiations electronically and telephonically from their offices in Los Angeles, CA), painstakingly negotiated a detailed term sheet setting forth the terms of Defendant's acquisition of U.S. rights to the Series. During that time, the parties engaged in numerous phone calls, meticulously crafted language with respect to certain key points, and exchanged numerous drafts of and rounds of comments on the Agreement.

12.     Throughout this negotiation process, each time that Defendant submitted to Plaintiff a proposed revised draft of the Agreement, Mr. Zand carefully reserved Defendant's rights to make further comments or request additional changes, and noted that the document remained subject to various corporate approvals.

51201-00004/1861268.4

4

13. Over the next several weeks, the parties exchanged several emails and participated in numerous phone calls to resolve all outstanding issues with respect to the parties' negotiations. Finally, on July 19, 2012, following a final telephone conversation between Messrs. Zand and Bibas, Mr. Zand emailed to Mr. Bibas a new draft which he identified as the "final clean execution copy" of the Agreement. On July 20, 2012, Mr. Zand again emailed Mr. Bibas what he described as the "[f]inal execution copy of Term Sheet." Consistent with the attachments being final execution copies of the parties' agreement, Mr. Zand conspicuously failed to reserve Defendant's right to make further changes or to otherwise signal the need to obtain any further corporate approvals. Later that day, Mr. Bibas confirmed in an email to Mr. Zand that "we're closed."

14. The final Agreement, as sent by Mr. Zand, clearly set forth all material terms of the parties' agreement with respect to the Series, including:

(a) A license fee of Four Million Dollars ($4,000,000.00) for eight (8) episodes of the Series, payable by Defendant to Plaintiff on an episode-by-episode basis as follows: one-third (1/3) upon commencement of principal photography; one-third (1/3) upon completion of principal photography; and one-third (1/3) upon delivery and technical acceptance of all materials;

(b) Defendant's exclusive ownership and control of all distribution and exploitation rights in the United States, in perpetuity, for the first season of the Series, together with exclusive successive options Defendant to acquire the corresponding rights in up to six (6) additional seasons of the Series on the same terms (with annual bumps to the license fees);

(c) Defendant's right of approval over (i) the title of the Series in the United States; (ii) the budget of the Series and material changes thereto; (iii) the production/delivery schedule of the Series; and (iv) the final network cut of the version of each episode of the Series to air on Defendant's ION Television Network;

(d) Defendant's right of meaningful consultation with respect to all material creative matters in connection with the Series; and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

(e)     Defendant's right to creatively recut the final delivered versions of the Series to meet its own creative requirements.

15.     In addition to these material terms, the Agreement included several other minor terms including, without limitation, Defendant's pre-acknowledgment and pre-approval of various creative elements and mutually-agreed creative guidelines with respect to storylines, music, content, and "standards and practices" for the Series.  The Agreement also provided that "[t]he following Term Sheet shall constitute a binding agreement between" the parties.

16.     From July 20, 2012 to July 23, 2012, Mr. Bibas and Mr. Zand exchanged several emails addressing various peripheral and logistical matters, such as the finalization of a side-letter by which ION would expressly acknowledge having granted certain approvals in accordance with its approval rights under the Agreement, the correction of typographical errors, and the logistics for execution of the Agreement.  In these exchanges, the parties repeatedly referred to the Agreement as "final" and "closed," without disagreement.  At no point during these exchanges did Mr. Zand signal the existence of any outstanding issues, make any reservation of rights, or indicate the need for any further corporate approvals of the Agreement by Defendant.  Instead, Mr. Zand repeatedly expressed his hope for the parties' mutual success with the Series.  Finally, on July 23, 2012, Plaintiff delivered to Defendant, via email, a copy of the Agreement executed by Mr. Bibas on behalf of Plaintiff.

17.     Over the next several days and for several weeks thereafter, Defendant caused its Los Angeles-based creative representatives, Ned Nalle and Laverne McKinnon, as well as its President, Chairman, and Chief Executive, Brandon Burgess, to engage repeatedly with Plaintiff in exercise of Defendant's creative consultation rights under the Agreement.  As Plaintiff proceeded with the production of the Series, Plaintiff submitted to Defendant various scripts, proposed hires, location and costume information, and proposed cuts of the Series, in the ordinary course of production.  Over several weeks after entering into the Agreement, Defendant, through its creative representatives, actively exercised those contractual consultation rights, reviewing Plaintiff's submissions, asking follow-up questions and providing feedback via email, and even

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    sending Laverne McKinnon to the set of the Series in August 2012 to personally observe

2    production and provide creative comments.

3         18.    On August 13, 2012, Atlantique submitted to ION three invoices (dated August 8,

4    August 14, and August 15, 2012), each in the amount of Three Hundred Thirty-Three Thousand

5    Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($333,333.33), representing the

6    amounts then owed to Plaintiff pursuant to the Agreement (based on the commencement and

7    completion of principal photography for episodes 1 and 2 of the Series, and the commencement

8    of principal photography for episodes 3 and 6 of the Series).  Defendant still has not paid the

9    amounts due pursuant to these invoices.  In addition, on September 19, 2012, Atlantique

10   submitted to ION two additional invoices (both dated September 17, 2012), each in the amount of

11   Three Hundred Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three

12   Cents ($333,333.33), representing amounts due in respect of the completion of principal

13   photography for episodes 3 and 6 of the Series and the commencement of principal photography

14   for episodes 4 and 5 of the Series.  Again, Defendant still has not paid the amounts due pursuant

15   to these invoices.  As of this date, Defendant owes Plaintiff and has refused to pay the total sum

16   of One Million Six Hundred Sixty-Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Five

17   Cents ($1,666,666.65) — a figure that will only grow larger as production of the Series continues

18   and additional installments of the license fee come due.

19        19.    Initially, Defendant failed to respond to these invoices at all or to offer any

20   explanation for its failure to pay the amounts due to Plaintiff pursuant to the Agreement.  When

21   pressed for payment, Defendant cited only certain creative concerns about the Series — i.e., the

22   intelligibility of the lead actor's accent in preliminary "dailies" footage from the production.

23   These creative concerns are extremely common at the "dailies" stage of production for a

24   television program like the Series, and are indisputably remediable.

25        20.    Once Plaintiff and its counsel sent a demand letter insisting upon immediate

26   payment of the outstanding invoices, Defendant took the position for the first time — on

27   September 25, 2012, more than two months after entering into the Agreement — that, in fact,

28   there was no agreement between the parties with respect to the Series.  Yet even at that time,

1   neither Defendant nor its counsel could identify a single outstanding material term that was not

2   agreed upon by the parties on July 20, 2012, or dispute the fact that both parties had (except with

3   respect to Defendant's payment obligations) been performing under the Agreement since late

4   July.

5

6   **FIRST CAUSE OF ACTION**

7   **(Breach of Written Contract)**

8        21.    Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as

9   though fully set forth herein.

10        22.    Plaintiff and Defendant entered into the Agreement on or about July 20, 2012.

11   Plaintiff has performed all conditions and obligations required on its part to be performed under

12   the Agreement except as excused, waived, or prevented by Defendant.

13        23.    Defendant materially breached the Agreement by failing to make payments to

14   Plaintiff when due pursuant to the terms of the Agreement.

15        24.    As a direct and proximate result of the foregoing, Plaintiff has currently been

16   damaged in the sum of $4,000,000.00, plus interest thereon, at the legal rate.

17        25.    In addition, as a direct and proximate result of Defendant's failure to perform

18   under the Agreement, Plaintiff has been further harmed by the loss of value to the Series in the

19   marketplace.  In particular, the loss of an American network distributor for the Series adversely

20   affects the license fees that Plaintiff can obtain from first-run distributors of the Series in other

21   territories, as well as the eventual value of the Series in syndication, home video, and other

22   secondary markets.  Plaintiff has suffered and will suffer substantial damages in an amount as yet

23   unknown, to be proven at the time of trial.

24

25   **SECOND CAUSE OF ACTION**

26   **(Promissory Estoppel)**

27        26.    Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as

28   though fully set forth herein.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

51201-00004/1861268.4

8

COMPLAINT

27.     Even if Defendant's conduct was insufficient, under the circumstances, to give rise to a binding written contract, Defendant clearly promised to license the Series from Plaintiff on the terms set forth in the Agreement.

28.     Plaintiff has reasonably relied on Defendant's promises to its detriment by, *inter alia*, declining opportunities to license some or all of the United States rights to the Series to other parties, forbearing from "shopping" the Series to other potential buyers for the United States rights, and proceeding with production of the Series in consultation with Defendant as the sole United States distributor for the Series (and therefore failing to obtain creative input or otherwise tailor the Series to the requirements of other potential buyers for the United States rights).

29.     Because it has proceeded with production of the Series without obtaining creative input of other potential buyers, Plaintiff is functionally unable to find a new United States television network for the Series, because United States television networks customarily require the opportunity to exercise significant creative consultations, approvals, and consultations in connection with television series that they license for first-run exhibition in the United States. Even if Plaintiff were somehow able to obtain a new licensee, it would be unable to obtain terms (including financial terms) as favorable as those set forth in the Agreement, due to its functional inability to offer a new licensee such opportunity for creative input and control.

30.     As a direct and proximate result of the foregoing, Plaintiff has suffered and will suffer substantial damages in an amount as yet unknown, to be proven at the time of trial, but which Plaintiff is informed and believes, and on that basis alleges, are no less than $4,000,000 (i.e., the fee that Plaintiff could have obtained for the United States rights in the Series from a first-run license with a United States television network that enjoyed full customary creative consultation and approval rights in the Series, as reflected in the Agreement).

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

31.     Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

32.     In reasonable reliance on Defendant's conduct and on what it understood to be a binding agreement, Plaintiff declined opportunities to license some or all of the United States rights to the Series to other parties, forbeared from "shopping" the Series to other potential buyers for the United States rights, and proceeded with production of the Series in consultation with Defendant as the sole United States distributor for the Series (and therefore failed to obtain creative input or otherwise tailor the Series to the requirements of other potential buyers for the United States rights).

33.     In the event that no binding contract exists between the parties, Defendant has nevertheless been unjustly enriched by, in effect, obtaining a free exclusive option to acquire the United States rights in the Series, and preventing any of its competitor television networks in the United States from obtaining the rights to the Series instead.

34.     Defendant's unjust enrichment has been at Plaintiff's expense because, inter alia, (a) Plaintiff has not been paid any reasonable fee for the value of Defendant's effective "exclusive option" on the United States rights in the Series; (b) Plaintiff has declined other opportunities to license some or all of the United States rights to the Series to other parties; and (c) because it has proceeded with production of the Series without obtaining creative input of other potential buyers, Plaintiff is functionally unable to find a new United States television network for the Series, because United States television networks customarily require the opportunity to exercise significant creative consultations, approvals, and consultations in connection with television series that they license for first-run exhibition in the United States.  Even if Plaintiff were somehow able to obtain a new licensee, it would be unable to obtain terms (including financial terms) as favorable as those set forth in the Agreement, due to its functional inability to offer a new licensee such opportunity for creative input and control.

35.     Based on the foregoing circumstances, equity and good conscience require Defendant to make restitution.

36.     As a direct and proximate result of the foregoing, Plaintiff has suffered and will suffer substantial damages in an amount as yet unknown, to be proven at the time of trial, but which Plaintiff is informed and believes, and on that basis alleges, are no less than $4,000,000

51201-00004/1861268.4

10

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1     (i.e., the fee that Plaintiff could have obtained for the United States rights in the Series from a

2     first-run license with a United States television network that enjoyed full customary creative

3     consultation and approval rights in the Series, as reflected in the Agreement).

4

5                                 **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff prays for judgment as follows:

7        1.       For Defendant's breach of the Agreement, compensatory damages in an amount in

8     excess of $4,000,000 according to proof at trial, together with interest thereon at the maximum

9     legal rate;

10        2.       In addition, as consequential damages from Defendant's breach of the Agreement,

11     further compensatory damages according to proof;

12        3.       For costs of suit; and

13        4.       For such other and further relief as the Court may deem just and proper.

14

15     DATED:  October 9, 2012                        GREENBERG GLUSKER FIELDS CLAMAN
                                              & MACHTINGER LLP

16

17                                   By: *Bonnie Eskenazi*

18                                   BONNIE E. ESKENAZI (SBN 119401)
                                  Attorneys for Plaintiff Atlantique

19                                   Productions, S.A.

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

**DEMAND FOR JURY TRIAL**

2

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues

3

so triable.

4

5

DATED:  October 9, 2012

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

6

7

By: _Bonnie Eskenazi_

8

BONNIE E. ESKENAZI (SBN 119401)
Attorneys for Plaintiff Atlantique
Productions, S.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 8632 DMG (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Bonnie E. Eskenazi (SBN 119401)
Kenneth D. Basin (SBN 259454)
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA  90067
beskenazi@greenbergglusker.com
kbasin@greenbergglusker.com
Tel.:  (310) 553-3610; Fax:  (310) 553-0687

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIQUE PRODUCTIONS, S.A., a corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> ION MEDIA NETWORKS, INC., a Florida corporation, and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV12-08632 DM8(PLAx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Bonnie E. Eskenazi, Greenberg Glusker et al. LLP</u>, whose address is <u>1900 Avenue of the Stars, 21st Floor, Los Angeles, CA  90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:   OCT - 9 2012   _____

Clerk, U.S. District Court

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ATLANTIQUE PRODUCTIONS, S.A. | ION MEDIA NETWORKS, INC., and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Bonnie E. Eskenazi (SBN 119401) Kenneth D. Basin (SBN 259454) Greenberg Glusker Fields Claman & Machtinger LLP 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067 (310) 553-3610 | |

*COPY* (watermark)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** 4,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Claims for breach of contract; promissory estoppel; unjust enrichment.  Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-08632 (handwritten/stamped)

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Atlantique Productions, S.A. – France |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | ION Media Networks, Inc. – Florida |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| All Claims – Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Dottie Coleage*   Date October 9, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com